■ In the Matter of the Adoption of UNNAMED BABY BOY. JANET S. et al., Appellants; SANDRA J., Respondent. (And Two Other Related Proceedings.) — Mikoll, J.

At issue here is whether respondent gave a valid consent to the adoption of her child. Family Court found, *inter alia,* that the finality of the consent papers which respondent signed was unintentionally misrepresented to her and, therefore, the act of consent was not "free, voluntary and final". Specifically, Family Court found that, as respondent had been informed that she would have to appear before the Surrogate to execute a second consent, and as petitioners' attorney had a similar understanding, it was not intended that the extrajudicial consent form, executed on September 9, 1983, be a final consent. Family Court further found that, in the absence of a consent to the adoption, respondent's parental rights could only be terminated if it was established that she was unfit to raise the child or that some similar circumstance was present. Concluding that unfitness had not been established, Family Court granted the writ of habeas corpus and ordered that the child be transferred to respondent.

There are two forms of consent to adoption: (1) judicial consent, or consent before a Judge or Surrogate, which becomes irrevocable upon the parent's execution thereof (Domestic Relations Law § 115-b [1] [c]), and (2) extrajudicial consent, or

consent given outside of court, which may provide, as in the instant case, that the consent becomes irrevocable 30 days after the commencement of the adoption proceeding unless written notice of revocation is given within said 30 days (Domestic Relations Law § 115-b [1] [d] [i]).

In the case at bar, the record establishes that the act of consent by respondent was invalid because, as Family Court concluded, it was intended that consent could only be given before a Surrogate pursuant to Domestic Relations Law § 115-b (1) (c). It was also invalid because respondent, in the absence of instructions from her attorney as to the consequences of a revocation, was misled as to the effect of her consent by the extrajudicial consent form in violation of her due process rights. Finally, it appears that the adoption was also not authorized under Social Services Law § 374 (2). For the purposes of that section, "place out" means "to arrange for the free care of a child in a family other than that of the child's parent, step-parent, grandparent, brother, sister, uncle, or aunt or legal guardian, for the purpose of adoption or for the purpose of providing care" (Social Services Law § 371 [12]). The doctor who played a principle part in the adoption was admittedly not licensed as an agency authorized to place children out for adoption (see, Social Services Law § 371 [10]). Therefore, the procedure followed here in arranging the adoption was inappropriate and not authorized under Social Services Law § 374 (2).

We find no merit in the other arguments propounded by petitioners.

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.